UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

In re:

MICHIGAN BIODIESEL, LLC,

        Debtor.
_____/

THOMAS R. TIBBLE, Trustee,

        Plaintiff,

v.

MICHIGAN PROTEIN, INC.,

        Defendant.
_____/

Case No. DK 10-05786-swd

Chapter 7

Hon. Scott W. Dales

Adversary Pro. No. 12-80339-swd

### MOTION OF MICHIGAN PROTEIN, INC. FOR ENTRY OF ORDER AWARDING FEES AND EXPENSES

Michigan Protein, Inc. ("Michigan Protein"), defendant in the above-captioned adversary proceeding, by and through its undersigned counsel, hereby files this motion (the "Motion") for the entry of an order awarding fees and expenses pursuant to the Court's Order Regarding Motion to Strike [Dkt. No. 50] (the "Order"). In support of this Motion, Michigan Protein respectfully states as follows.

### BACKGROUND

1. On January 11, 2013, the Court issued a Pretrial Order [Dkt. No. 11] establishing, among other things, a discovery deadline of May 9, 2013 and a deadline for filing dispositive motions of June 21, 2013. Pursuant to the parties' stipulation and by order dated May 3, 2013 [Dkt. No. 29], the Court extended the discovery deadline to June 9, 2013 (the "Cutoff Date").

2.  On June 11, 2013, Michigan Protein timely filed its motion for summary judgment and brief in support thereof [Dkt. No. 31-34] (the "Motion for Summary Judgment").

3.  On July 8, 2013, approximately two weeks after the expiration of the deadline for the Trustee to respond to the Motion for Summary Judgment, the Trustee filed a motion to extend the time for the Trustee to respond to the Motion for Summary Judgment [Dkt. No. 35] (the "Motion to Extend").  On July 10, 2013, the Court held a hearing on the Motion to Extend and, one day later, entered an order granting the Motion to Extend [Dkt. No. 38].

4.  On July 22, 2013, the Trustee filed his response to the Motion for Summary Judgment [Dkt. No. 42] (the "Response").

5.  On August 5, 2013, Michigan Protein filed its reply to the Response [Dkt. No. 44], and on that same day, Michigan Protein filed a motion to strike certain affidavits submitted by the Trustee in support of his Response [Dkt. No. 45] (the "Motion to Strike").

6.  On August 26, 2013, the Court entered the Order, which provides Michigan Protein until November 29, 2013 to file a motion seeking the payment of fees and reimbursement of expenses by the Trustee.

### RELIEF REQUESTED

7.  By this Motion, Michigan Protein seeks the recovery of reasonable fees and expenses incurred (i) *after* the Cutoff Date in connection with the Motion for Summary Judgment; (ii) in connection with the Motion to Extend; and (iii) in connection with the Motion to Strike (collectively, the "Tasks").  Michigan Protein requests reimbursement of fees in the aggregate amount of $17,243.50, expenses in the aggregate amount of $123.55, plus fees and expenses related to this Motion in an amount yet to be determined.

**BASIS FOR RELIEF**

8.      "Federal Rule of Civil Procedure 37(c)(1) requires absolute compliance with Rule 26(a), that is, it mandates that a trial court punish a party for discovery violations in connection with Rule 26 unless the violation was harmless or is substantially justified." *Big Lots Stores, Inc. v. Luv N' Care, Ltd.*, 302 Fed. Appx. 423, 430 (6th Cir. 2008) (citing *Roberts ex rel. Johnson v. Galen of Virginia, Inc.*, 325 F.3d 776, 782 (6th Cir. 2003)).  In the event that a party is found to have violated Rule 37(c)(1), "the court, on motion and after giving an opportunity to be heard… may order payment of the reasonable expenses, including attorney's fees, caused by the failure."  Fed. R. Civ. P. 37(c)(1)(A).  "Rule 37 has no bad faith requirement."  *Youn v. Track, Inc.*, 324 F.3d 409, 421 (6th Cir. 2003).

9.      When determining whether fees are reasonable, courts have applied the lodestar method, along with various other factors.  *See*, *e.g*., *In re Boddy*, 950 F.2d 334 (6th Cir. 1991); *Wood v. Detroit Auto Inter-Insur. Exchange*, 413 Mich. 573, 321 N.W.2d 653 (1982) (citing Crawley v. Schick, 48 Mich. App. 728, 211 N.W.2d 217 (1973)).

10.     In its Order, the Court concluded that "the Trustee violated his discovery obligations," and "the violation was neither substantially justified nor harmless."  (Order at p. 5.) This Court invited Michigan Protein to file a motion seeking reasonable expenses incurred as a result of the Trustee's discovery violation.  (Order at p. 6.)  In addressing the "financial harm resulting from the Trustee's [discovery] violation," the Court stated as follows:

> [I]f Michigan Protein suffered prejudice, it lies in (1) the reasonable expense (if any) incurred in preparing its summary judgment motion based on the state of the Trustee's disclosures on the original Cutoff Date; (2) the reasonable expense of responding to the Trustee's motion to extend time to respond to the summary judgment motion; and (3) the reasonable expense of making the Motion to Strike.

(Order Re Mot. to Strike at p. 5.)

3

11. Here, Michigan Protein requests attorney's fees in the aggregate amount of $17,367.05 and expenses in the aggregate amount of $123.55. With respect to fees and expenses incurred for preparation of the Motion for Summary Judgment, Michigan Protein has limited its request to the three (3) day period between the Cutoff Date and the date the motion for summary judgment was filed. Michigan Protein seeks to recover all fees and expenses associated with responding to the Trustee's Motion to Extend and for making the Motion to Strike, which amounts would not have been incurred but for the Trustee's transgressions.

12. The fees and expenses requested are set forth in greater detail in the invoices attached hereto as Exhibit A.[1] In addition, the fees and expenses sought by Michigan Protein are supported by the affidavits of Scott R. Murphy and John T. Gregg, both of whom are partners of Barnes & Thornburg LLP, counsel to Michigan Protein. Copies of these affidavits are attached hereto as Exhibit B.

---

[1] The invoices have been redacted where appropriate to preserve the attorney-client privilege and for purposes of relevancy. Michigan Protein will provide unredacted copies of the invoices to the Court upon its request.

WHEREFORE, Michigan Protein respectfully requests that the Court enter an order (i) awarding Michigan Protein reasonable fees and expenses in the amounts set forth herein, (ii) directing the Trustee to pay such fees and expenses within twenty-one days of the entry of any order granting this Motion, and (iii) granting Michigan Protein any other and further relief that is just.

Dated: November 26, 2013

**MICHIGAN PROTEIN, INC.**

By:   /s/ John T. Gregg
         One of its Attorneys

John T. Gregg (P68464)
Scott R. Murphy (P68015)
BARNES & THORNBURG LLP
171 Monroe Avenue, NW, Suite 1000
Grand Rapids, Michigan  49503
Telephone: (616) 742-3930
Facsimile: (616) 742-3999
jgregg@btlaw.com
smurphy@btlaw.com

GRDS01 481892v1

5