UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MICHIGAN

| | |
|---|---|
| IN RE:    MICHIGAN BIODIESEL, LLC,<br><br>                                    Debtor.<br>_____ / | Case No. 10-05786-swd<br>Chapter 11 Filed: 05/02/10<br>Conv. Chapter 7: 12/12/12<br>Honorable Scott W. Dales<br>U.S. Bankruptcy Judge |
| THOMAS R. TIBBLE, Trustee,<br><br>                    Plaintiff,<br><br>v.<br><br>MICHIGAN PROTEIN, INC.,<br><br>                    Defendant.<br>_____ / | Adv. Pro. Case No. 12-80339 |

<u>TRUSTEE'S RESPONSE TO
MOTION FOR ENTRY OF ORDER AWARDING FEES AND EXPENSES.</u>

Trustee Thomas Tibble, through his attorneys Miller Johnson, as his response to Defendant's Motion for Entry of Order Awarding Fees and Expenses, states as follows:

**I.    DEFENDANT'S FEE REQUEST IS NOT REASONABLE
UNDER THE LODESTAR REQUIREMENTS**

As noted by Defendant, courts use the Lodestar method when determining the reasonableness of the fee request in circumstances similar to the instant case. *In re: Huffine*, 2009 Bankr. LEXIS 3675 (Bankr. N.D.Ind. 2009) As stated by the Sixth Circuit in *In re: Boddy*, 950 F.3d 334 (1991), "... the court will arrive at an attorneys fee by first determining the 'Lodestar' amount which is calculated by 'multiplying the attorneys reasonable hourly rate by the number of hours reasonably expended'." *Id.* at 337 *(Citations omitted)* Under the Lodestar analysis, it is applicant's burden to justify the reasonableness of the fees requested. *In re: Williams*, 357 BR 434 at 439 (6th Cir. BAP 2007)

A. **Reasonableness of Rates**

Under the Lodestar test, the reasonableness of an attorney's rate is determined by comparing the rate charged by the applicant to the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation. *In re: Williams, supra* at 438-439.

In this case, attorneys Gregg and Murphy are charging $400 and $450 per hour, respectively, for their services. However, they have not submitted any evidence as to the prevailing rates in the legal community for attorneys with similar experience.

The Trustee submits that counsel's rates exceed what is reasonable in the Grand Rapids/West Michigan market for the legal services performed. Based on Mr. Gregg's and Mr. Murphy's years of experience, the trustee submits that a reasonable rate for Defendant's counsel would be between $325 and $375 per hour for this type of work in West Michigan. Litigation counsel with similar experience within Trustee's counsel's firm, charge rates ranging from $300 per hour for an attorney admitted to practice in 2004 to $395 per hour for an attorney admitted to practice in 1997. Attorneys Murphy and Gregg were first admitted to practice in 2001 and 2002, respectively. As a result, based on their years of experience, $400 and $450 per hour do not appear reasonable under the Lodestar test.

Applicant's paralegal rates, at $225 per hour, also appear high. This rate exceeds the paralegal rates in the Trustee's counsel's firm by $35-$85 per hour. Further, it appears that applicant's paralegal performed mostly administrative tasks (redacting confidential information and assembling exhibits). These easily could have been completed by support staff or a less experienced paralegal. For these reasons, Trustee submits that movant's paralegal fees are not reasonable under the Lodestar standard.

### B.  Reasonableness of hours expended

The second part of the Lodestar test requires the court to assess the reasonableness of the hours expended in completing the tasks included in the fee request. *In re: Williams*, *supra* at 438. In this case, it is impossible to assess the reasonableness of counsel's hours in this case. This is especially true with regard to the work done on the summary judgment brief, because we do not know how close the brief was to completion before the added work was undertaken. Several weeks prior to June 9, Trustee's counsel was informed by Defendant's counsel that Defendant's motion and brief were "in the can" ready to be filed. As a result, Defendant's counsel should be required to address the reasonableness of the number of hours they spent on the various projects in question.

## II.  FEES FOR COUNSEL'S WORK ON THE SUMMARY JUDGMENT BRIEF SHOULD NOT BE ALLOWED BECAUSE THE BRIEF WAS NOT AMENDED.

In its August 26th opinion, this court notes that it will be difficult to determine the prejudice to Defendant "until after additional discovery because, for example, Michigan Protein may see no need to amend its summary judgment motion." (Opinion at Fn 2.)

In fact, Defendant did not amend its summary judgment motion or brief. As a result, Defendant cannot claim that it incurred extra expenses in drafting the summary judgment brief by reason of Trustee's discovery violation. Therefore, any fees related to the summary judgment brief should be disallowed.

## III.  OTHER ISSUES

Several entries on counsel's bills appear inapplicable to expenses it may have incurred due to Trustees actions, or they contain no explanation whatsoever.

Specifically:

    a.    The copy charges on the August 15 statement have no explanation;

3

b.  That portion of Mr. Gregg's July 8, 2013 time entry regarding his correspondence to Defendant's principal does not appear to relate to additional work created by Trustee's violations;

c.  The copy charges on September 10, 2013 statement have no explanation.

Therefore, Trustee requests that this Court deny Defendant's motion or, in the alternative, reduce the fee award consistent with its August 16th opinion and the Lodestar standards.

Dated: December 13, 2013

MILLER JOHNSON
Attorneys for Plaintiff/Counter-Defendant

By _____
John T. Piggins (P34493)
pigginsj@millerjohnson.com
P.O. Box 306
Grand Rapids, Michigan 49501-0306
(616) 831-1700

4